United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANADIAN NATIONAL RAILWAY COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>PHOENIX LOGISTICS, INC.,<br><br>        Defendant.<br>_____/ | No. C11-4589 EMC<br><br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** |

        Plaintiff Canadian National Railway Company's ("Canadian's") motion for default judgment is set for hearing before the Court on April 13, 2012. Docket No. 9. Having considered Plaintiff's brief and accompanying submissions, the Court hereby orders that supplemental briefing and/or evidence be provided as follows.

        If the Court determines that default judgment is warranted, the Court must determine what damages are appropriate. In its motion for default judgment, Plaintiff asks for $161,569.95, the amount it alleges is still outstanding under the parties' payment schedule set forth in their Agreement for Payment of Accounts Receivable ("Agreement"). Anderson Decl., Docket No. 9-1, ¶ 4. Plaintiff has the burden of "proving up" its damages. *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.,* No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005) ("Plaintiff has the burden of proving damages through testimony or written affidavit.").

        Based on the evidence submitted thus far, it does not appear that Plaintiff has met its burden of proof regarding the outstanding payments. Although Mr. Anderson declares that $161,569.95 is

outstanding, he does not specify at what point Defendant ceased making payments so that the Court could verify the amount owed. *See* Anderson Decl. ¶ 4 ("The defendant defaulted in its payments under the Agreement and the outstanding amount due is $161,569.95 USD."). Mr. Anderson cites to the payment schedule attached to the Agreement, but the outstanding amount owed does not match any of the balances shown on the payment schedule. *Id.* Ex. A, Schedule I. Nor does Plaintiff provide any account records of previous deposits, outstanding balances, or bills or other notices to Defendant regarding the delinquent contributions from which the Court could discern when Defendant stopped making payments and how much is due. *Cf. Board of Trustees of the Laborers Health & Welfare Fund for the N. Cal. v. Perez*, No. C-10-2002 JSW (JCS), 2011 WL 6151506, at *10 (N.D. Cal., Nov. 7, 2011) (finding evidence sufficient to prove damages where plaintiffs provided "employer reports of contribution" for the months defendant failed to pay contributions, and a declaration from plaintiffs' accounts receivable manager attesting to the truth of the records); *Webb v. Indigenous Global Dev. Corp.*, C-04-3174 MJJ, 2005 WL 1200203, at *5 (N.D. Cal. May 16, 2005) (finding evidence sufficient where plaintiff "provided the Court with a copy of the promissory note signed by IGDC which specifically states that IGDC must 'repay the principal sum of $250,000 to [Mr. Webb] on or before May 11, 2004,'" along with "a copy of the audit letter sent to him by IGDC, which acknowledges the $250,000 debt"); *Cent. California Elec. Indus. Health & Welfare & Pension Trust Funds v. Goleta Elec., Inc.*, C-11-2755 EMC, 2012 WL 555094, at *5 (N.D. Cal. Feb. 21, 2012) (finding evidence sufficient where plaintiffs provided copies of monthly "transmittals evidencing the amounts of unpaid principal per month from December 2009 through April 2010, which add up to the sum" plaintiffs claimed was owed).

    Unlike in the above cases, here Plaintiff offers no documentation of the amount owed; rather, it simply offers a payment schedule and states that Defendant owes an amount not listed or easily discernible from that payment schedule. While the payment schedule contains check marks that would appear to indicate when Defendant made the required payments, and an x mark that would appear to indicate when it stopped making payments, those notes do not match an amount due of $161,569.95. In addition, Plaintiff has submitted no foundational evidence to establish the meaning and accuracy of those handwritten marks on the payment schedule.

Accordingly, Plaintiff is directed to submit to the Court any and all evidence establishing that Defendant owes $161,569.95. Plaintiff shall file such evidence and any accompanying briefing no later than **April 9, 2012, at 4:00 p.m.**

IT IS SO ORDERED.

Dated: April 4, 2012

_____
EDWARD M. CHEN
United States District Judge